UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN BERNARDEZ,

                Petitioner,

   -against-

HAROLD D. GRAHAM, Superintendent,
Auburn Correctional Facility,

                Respondent.

11 Civ. 6463 (NSR) (JCM)
ORDER ADOPTING REPORT
AND RECOMMENDATION

NELSON S. ROMÁN, United States District Judge

    Before the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Judith C. McCarthy, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), recommending that the petition of Juan Bernardez ("Petitioner"), by writ of habeas corpus, challenging his convictions for three counts of murder in the second degree, kidnapping in the first degree, robbery in the first degree, and burglary in the first degree, be denied. Petitioner filed timely objections to the R&R. After reviewing Petitioner's objections, the Court adopts the R&R, and the petition is denied and dismissed.

## BACKGROUND

    The Court presumes familiarity with the factual and procedural background of this case, the underlying criminal proceeding, and Petitioner's collateral state challenges.

    Following Petitioner's convictions, he timely filed the instant petition for a writ of habeas corpus on September 6, 2011, adopting the arguments made in his counseled brief to the Appellate Division on direct appeal, including (1) that his statements were the product of an unlawful arrest; (2) that his statements were elicited without a valid waiver of his *Miranda*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/15/2016

Copies mailed/faxed 4/15/2016
Chambers of Nelson S. Román, U.S.D.J.

rights; (3) that references to his prior convictions at trial were improperly permitted; and (4) that his sentence is excessive.

On November 3, 2015, Judge McCarthy issued her R&R recommending this Court deny the petition for a writ of habeas corpus, finding that there was no constitutional violation of Petitioner's rights for claims (1) and (3), and that claims (2) and (4) were not exhausted and are therefore procedurally barred. Petitioner filed timely objections on December 2, 2015, reiterating the same arguments that he previously raised on appeal to the Appellate Division, and in the petition presently before the Court.[1]

## STANDARD OF REVIEW

A magistrate judge may hear a "prisoner petition challenging the conditions of confinement" if so designated by a district court. Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, a district court may "adopt those portions of the Report to which no objections have been made and which are not facially erroneous." *Wilds v. United Parcel Serv., Inc.*, 262 F.Supp.2d 163, 169 (S.D.N.Y. 2003) (quoting *La Torres v. Walker*, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000)).

---

[1] The Court granted Petitioner's request for an extension of time to file his objections.

2

To the extent a petitioner makes specific objections to an R&R, the objected to recommendations must be reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04 Civ. 5061, 2007 WL 187677, at *1 (S.D.N.Y. Jan 23, 2007) (internal quotation marks omitted). Nevertheless, if "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04 Civ. 5066, 2008 WL 772568, at *6 (S.D.N.Y. Jan 18, 2007) (citation omitted). The distinction turns on whether a petitioner's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03 Civ. 1446, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

Courts "generally accord[ ] leniency" to objections of *pro se* litigants and construe them "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (internal quotations and citations omitted). However, the *pro se* party's objections "must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (quoting *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992)).

3

## DISCUSSION

Petitioner filed objections to every claim addressed in the R&R. Generally, under Section 636(b)(1), when written objections to a magistrate's report and recommendation are timely filed, the district court judge will make a *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "However, objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition will not suffice to invoke *de novo* review of the magistrate's recommendations." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS) (JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citing *Vargas v. Keane*, No. 93 Civ. 7852 (MBM), 1994 WL 693885 (S.D.N.Y. Dec. 12, 1994); *Klawitter v. Chater*, No. 93 Civ. 0054E, 1995 WL 643367 at *1 (W.D.N.Y. Oct. 18, 1995).

Here, Petitioner objects to the R&R by reiterating his original arguments. While Petitioner makes facial attempts to object to Judge McCarthy's recommendations, (Objections to R&R at 1, 3-4.), his objections are not aimed at any particular findings in Judge McCarthy's R&R, and are simply a means to take a 'second bite at the apple,' restating the same arguments that were previously raised. Without any specific objections, the Court reviews the R&R for clear error, *Harris*, 2008 WL 772568, at *6, and finds none.[2]

## CONCLUSION

For the reasons stated above, the Court adopts the Report and Recommendation in its entirety. The petition for a writ of habeas corpus is, therefore, DENIED. The Court respectfully directs the Clerk to terminate the petition at ECF No. 45 and to close the case.

---

[2] Having reviewed the underlying petition, were the Court to review this matter *de novo*, it would reach the same conclusions as recommended by Judge McCarthy.

4

As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005); *Lozada v. United States*, 107 F.3d 1011, 1017 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 225, 259-60 (2d Cir. 1997). The Court certifies pursuant to 18 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: April 14, 2016  
      White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMAN  
United States District Judge